**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VALACE MARION KEELE, | ) |
| Petitioner, | ) ) ) |
| v. | )   Case No.  13-CV-0523-JED-TLW |
| MIKE CARR, District Supervisor,[1] | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Doc. 1), filed by Petitioner Valace Keele, a state prisoner appearing *pro se*. Respondent filed a response (Doc. 7) and provided the state court records (Docs. 7, 8) necessary for adjudication of Keele's claims. Keele did not file a reply to the response. For the reasons discussed below, the Court denies the petition for writ of habeas corpus.

### *BACKGROUND*

On the morning of October 26, 2011, Captain James Watson of the Tulsa Fire Department discovered that his van was missing from outside the fire station where he was working (Doc. 8-1, Tr. Vol. II at 284-87). Watson made the discovery between 9:00 and 10:00 a.m., as he was leaving the station at the end of his shift (*id.* at 287). A fellow firefighter, Frank Bresee, saw the van pulling away from the fire station as he arrived for work earlier that morning, about 6:45 a.m., and although he could not identify the driver, he knew that the driver was not a firefighter (*id.* at 302-03).

---

[1] Petitioner is in custody at the Enid Community Corrections Center in Enid, Oklahoma. Pursuant to Rule 2(a), *Rules Governing Habeas Corpus Cases*, the proper party respondent in this matter is Mike Carr, District Supervisor. Therefore, Mike Carr is substituted in place of the State of Oklahoma as party respondent. The Clerk of Court shall note the substitution on the record.

Another firefighter, Jeremiah Mefford, also saw a man in the van that morning as he was finishing his shift (*id.* at 311). Mefford testified that the man had backed up the van and was "just staring inside the station" (*id.*). Mefford got "a good look at the driver" and was able to identify Petitioner, Valace Keele, in the courtroom as the man he saw in the van (*id.* at 312-13). Kenneth Finley testified that his wife called him that morning and told him that a suspicious vehicle was parked in their driveway (*id.* at 325). When Finley arrived at his house, he saw a van parked in a field next to his house (*id.* at 326), and he called the police (*id.* at 327). Finley testified that he watched the van until the police arrived and no one exited or entered the van (*id.* at 326-27). Officer Bryan Horry, who responded to the call, testified that Keele was in the driver's seat of the van (*id.* at 338), and he subsequently arrested Keele (*id.* at 347). Watson confirmed that the van in which Keele was found was his van (*id.* at 292-93). After being informed of his *Miranda*[2] rights, Keele told another officer "[y]ou got me in the vehicle. You got me" (*id.* at 377).

Based on those events, Keele was charged with Larceny of an Automobile, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2011-4199. *See* Docs. 7-2 at 1, 7-4 at 1. At the conclusion of a two stage trial, the jury found Keele guilty as charged and recommended a sentence of fifteen years imprisonment. *See* Doc. 8-1, Tr. Vol. II at 440. On March 5, 2012, the trial judge sentenced Keele in accordance with the jury's recommendation. *See* Doc. 7-4 at 1. Attorney Matthew Tarvin represented Keele at trial (*id.* at 3).

Keele perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA) (Doc. 7-2). Represented by attorney Curtis M. Allen, Keele raised three (3) propositions of error, as follows:

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

| | |
|---|---|
| Proposition 1: | The court erred when it permitted Officer Horry to testify as to the content of a statement by a non-testifying witness who then spoke to Officer Horry. |
| Proposition 2: | The court erred when it failed to instruct the jury on the offenses of Unauthorized Use of a Motor Vehicle and Possession of a Stolen Vehicle. |
| Proposition 3: | The evidence was insufficient to support a finding of guilt for Larceny of a Motor Vehicle. |

*Id.* In an unpublished summary opinion, entered March 29, 2013, in Case No. F-2012-208 (Doc. 7-4), the OCCA affirmed the trial court's judgment and sentence.

On August 16, 2013, Keele filed his federal petition for a writ of habeas corpus (Doc. 1). In his petition, Keele identifies three (3) grounds of error, as follows:

| | |
|---|---|
| Ground 1: | Trial court erred in allowing officer to relate out of court statements in violation of Appellants [sic] right to confront witness. |
| Ground 2: | Trial court erred in failing to instruct jury of available lesser offenses Appellant could have been convicted of. |
| Ground 3: | Evidence was insufficient to support conviction. |

*Id.* In response to the petition, Respondent argues that Keele is not entitled to habeas corpus relief. *See* Doc. 7.

## *ANALYSIS*

**A.   Petition for Writ of Habeas Corpus**

   **1.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Keele meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Keele presented his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In his petition for writ of habeas corpus, Keele does not request an evidentiary hearing, and, under the facts of the case, he would not be entitled to one. *See Williams v. Taylor*, 529 U.S. 420 (2000) (explaining considerations for evidentiary hearings in habeas corpus cases).

### 2.     Claims Adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (citation and internal quotation marks omitted); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

### a.  Ground 1:  Confrontation Clause

In Ground 1, Keele alleges that the trial court "erred in allowing officer to relate out of court statements in violation of Appellants [sic] right to confront witness" and that the "[a]bsence of officer during trial violated Appellants [sic] right to challenge and confront the witness" (Doc. 1 at 5). On direct appeal, Keele argued that the trial court erred in allowing Officer Horry to testify about "the description [of the suspect, given] by the non-testifying caller relayed to him by the non-testifying dispatcher" (Doc. 7-2 at 8). Keele contended that "[t]he description was the only untainted evidence that placed Mr. Keele near the fire station and the inception of the taking of Mr. Watson's minivan" (*id.*). The OCCA ruled that it need "not decide whether a police officer's relation of information from a dispatcher, which was in turn related by an unknown caller, violated Appellant's constitutional right to confront witnesses, because any possible error was harmless beyond a reasonable doubt" (Doc. 7-4 at 1-2). The OCCA further explained that,

> [t]he dispatch had told of a suspicious person, matching Appellant's general description, near the site where the vehicle was taken.  But at trial, a witness positively identified Appellant as driving a vehicle, similar to the one stolen, from the parking lot where the subject vehicle was stolen.  The testifying eyewitness's account was considerably more incriminating than the word of the unknown caller.

*Id.* at 2 (citations omitted).

The Sixth Amendment Confrontation Clause guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford v. Washington*, 541 U.S. 36, 38 (2004). When a petitioner raises a claim that his right to confront witnesses against him was violated, the Court must "employ a multi-part inquiry to determine if the

right to confrontation has been violated. [The Court] examine[s] (1) whether the challenged evidence is hearsay; (2) whether it is testimonial; and (3) if the evidence is testimonial hearsay, whether its introduction was harmless error." *United States v. Mendez*, 514 F.3d 1035, 1043 (10th Cir. 2008) (citation omitted).

"Confrontation Clause errors are subject to . . . harmless-error analysis." *Littlejohn v. Trammell*, 704 F.3d 817, 844 (10th Cir. 2013) (citations omitted). In *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Supreme Court concluded that "habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Id.* at 637 (citation omitted). "Under *Brecht*, the standard for determining whether habeas relief must be granted is whether the . . . error [at issue] had substantial and injurious effect or influence in determining the jury's verdict." *Littlejohn*, 704 F.3d at 834 (citation omitted). In determining whether an error is harmless in the context of a Confrontation Clause violation raised in a habeas petition, the court will "consider factors such as the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and . . . the overall strength of the prosecution's case." *Id.* at 845 (citations and internal quotation marks omitted). When a state court determines that a constitutional error is harmless beyond a reasonable doubt, "this decision undoubtedly constitutes an adjudication of [Petitioner's] constitutional claim 'on the merits,'" *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (citation omitted), and is subject to a 28 U.S.C. § 2254(d) analysis.

In this case, even if Officer Horry's testimony concerning the description of the suspect falls into the category of "testimonial hearsay," invoking the protections of the Confrontation Clause, the error by the trial court in admitting the statement was harmless. *See Mendez*, 514 F.3d at 1043; *Littlejohn*, 704 F.3d at 844. At trial, the prosecution presented strong evidence of Keele's guilt. Officer Horry testified that, while responding to a report of a suspicious vehicle, he found Keele sitting in a silver van and arrested him (Doc. 8-1, Tr. Vol. II at 338, 347). Keele told Officer Horry that the van belonged to his boss who authorized him to test drive it (*id.* at 342), but Watson identified the van as the same one that had been stolen from the fire station (*id.* at 292-93). After Officer Barbee read Keele his *Miranda* rights, Keele stated "[y]ou got me in the vehicle. You got me" (*id.* at 377). In light of that evidence, Keele has not demonstrated that the alleged Confrontation Clause violation had "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623.

Keele has not shown that the OCCA's determination that any Confrontation Clause error was harmless beyond a reasonable doubt was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Therefore, habeas corpus relief is denied on Ground 1.

    **b.**  **Ground 2:  Lesser Included Offenses**

In Ground 2, Keele alleges that the trial court "erred in failing to instruct jury of [the] available lesser offenses" of "Unauthorized use of a Motor Vehicle or Possession of a Stolen Vehicle" (Doc. 1 at 6). On direct appeal, Keele argued that the evidence presented at trial would have supported a conviction for the lesser included offenses of Unauthorized Use of a Motor Vehicle or Possession of a Stolen Vehicle (Doc. 7-2 at 9). The OCCA reviewed the claim for plain error

only (Doc. 7-4 at 2). In finding no plain error, the OCCA noted that "[t]he trial court instructed the jury on the lesser offense of Joyriding" and "[t]he only matter in dispute – whether Appellant's unauthorized possession of another's vehicle was intended to be temporary or permanent – was adequately covered by the offense alternatives provided by the trial court" (*id.*).

"A petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'" *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) (citations omitted); *see Hicks v. Jones*, 350 F. App'x 199, 202-03 (10th Cir. 2009) (unpublished)[3]. Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (internal quotation marks omitted) (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Accordingly, habeas corpus relief is denied on Ground 2.

        **c.**        **Ground 3: Sufficiency of the Evidence**

In Ground 3, Keele alleges that the "[e]vidence was insufficient to support conviction" because "[t]here was no video, fingerprint or physical evidence used in conviction. Conviction was soley [sic] on heresay [sic]" (Doc. 1 at 7). On direct appeal, Keele argued that "[t]he only untainted evidence that [Petitioner] could have been the person who took [the victim's] minivan" was inadmissible on hearsay and Confrontation Clause grounds and that the state did not present

---

[3] This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

sufficient evidence to show "intent to steal, that is the purpose forever to deny [the victim] the use of the minivan" (Doc. 7-2 at 17-18). The OCCA held that, based on the evidence presented at trial, "[a] rational jury could easily conclude that Appellant was the person who took the vehicle without permission, and that he had no intention of returning it" (Doc. 7-4 at 3 (citations omitted)).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." *Dockins*, 374 F.3d at 939 (citation omitted). The Court "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." *Jackson*, 443 U.S. at 319 (footnote omitted). The Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citations omitted).

In applying the *Jackson* standard, the Court looks to Oklahoma law to determine the substantive elements of the relevant criminal offense. *Jackson*, 443 U.S. at 324 n.16. Under Oklahoma law, the elements of Larceny of an Automobile are (1) trespassory; (2) taking; (3) carrying away; (4) automobile; (5) of another; (6) with the intent to steal. *See* Doc. 7-6 (OUJI-CR 5-100).

Watson testified at trial that his van was removed without his permission from the parking area of the fire station where he was working (Doc. 8-1, Tr. Vol. II at 292). As discussed above, Officer Horry testified at trial that he found Keele sitting in the silver van that Watson later

identified as his van (Doc. 8-1, Tr. Vol. II at 292-93, 338). The van was sitting in a field over a mile away from the fire station (*id.* at 379). As noted, Officer Barbee testified that after he read Keele his *Miranda* rights, Keele told him "[y]ou got me in the vehicle. You got me" (*id.* at 377).

Based on the evidence presented at trial and viewed in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Keele engaged in the trespassory taking and carrying away of Watson's automobile with the intent to steal. Therefore, the Court concludes that the OCCA's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas corpus relief is denied on Ground 3.

## B. Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. *See Dockins*, 374 F.3d at 937-38. Hence, a certificate of appealability shall be denied.

## *CONCLUSION*

After review of the record, the Court concludes Keele has not established he is in custody in violation of the Constitution or laws of the United States. Therefore, the Court denies the petition for writ of habeas corpus.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Mike Carr, District Supervisor, as party respondent in place of the State of Oklahoma.

2. The petition for writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

ORDERED THIS 12th day of July, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE